# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-645V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| JENNIFER JEFKO, *Parent of* K.L., *a Minor*, | Special Master Oler |
| Petitioner, | Filed: July 17, 2018 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RULING ON PETITIONER'S MOTION FOR REDACTION**[1]

## I.   Introduction

On May 31, 2016, Jennifer Jefko filed a petition on behalf of her minor child, K.L., under the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that K.L. suffered from fibromyalgia, tachycardia, and dysautonomia as a result of her Human Papillomavirus and Hepatitis A vaccines administered on August 12, 2013.  Petition, ECF No. 1.

I issued an Order on May 23, 2018, informing parties of my intent to change the case caption in light of the fact that K.L. is no longer a minor.  ECF No. 39.  I also provided parties with the opportunity to file a status report containing a reason why I should not alter the case caption by May 30, 2018.  *Id*.

On May 29, 2018, Petitioner filed a status report requesting to modify the case caption using K.L. initials rather than her full name.  ECF No. 40.  Specifically, Petitioner requested "that this Court either direct the clerk to modify the case caption using [K.L.'s] initials, or allow

---

[1] Because this ruling contains a reasoned explanation for my action in this case, I intend to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the decision in its present form will be available.  *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").  Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner to file a Motion for Redaction[.]" *Id*. at 2.  Petitioner stated the following to support her position: (1) K.L.'s medical information may "negatively influence how future employers view the impact of her illness on her ability to work" and K.L. would be unable to use prior work history to rebut any bias against her because she does not have prior work history (*id*. at 1); (2) K.L.'s medical information "could pose an unfair impediment to social and educational opportunities" and "cause her significant discomfort and embarrassment" (*id*.); and (3) due to K.L.'s status as a minor when the petition was filed, K.L. "did not have a meaningful opportunity to consent to her personal and sensitive medical information being available to the public" (*id*.).

Respondent filed a response on May 30, 2018, outlining the standards for a motion for redaction and deferring to my discretion as to whether Petitioner's request should be granted.  ECF No. 41.  My law clerk emailed Petitioner's counsel with instruction to file a formal motion for redaction, which was filed on June 27, 2018.  ECF No. 43.

Petitioner's present motion requests "redaction of [K.L.'s] name to initials in the case caption and any future decisions of the Court in this matter."  *Id*. at 2.  Petitioner notes that her request is not for redaction of medical information, and that "the simple redaction of [K.L.'s] name to initials simultaneously protects [K.L.'s] privacy interest and the public interest in disclosure of information about vaccine injuries."  *Id*. at 3-4.  Petitioner further states that K.L.'s privacy should be protected as she "became a young adult during the pendency of this claim and never had the opportunity to affirmatively consent to the filing of the case in her name."  *Id*. at 4.  Petitioner expresses concerns with associating K.L.'s full name with the medical records due to the "negative impact on her socially and with respect to future employment opportunities."  *Id*.  Respondent responded to Petitioner's motion on July 10, 2018, reiterating the standards for a motion for redaction and stating that he "does not believe it is appropriate to advocate in favor of disclosure of a petitioner's information…"  ECF No. 44 at 5.  Respondent defers to my discretion to decide whether Petitioner's present motion should be granted.  *Id*.

For the foregoing reasons, Petitioner's motion is **GRANTED**.

II. **Discussion**

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act, which provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy."  *Id*.  What constitutes a "clearly unwarranted invasion of privacy" requires balancing Petitioner's "right of privacy against the public purpose of the Vaccine Act."  *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460 (2011).  While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and medical conditions they may or may not cause.  *Id*. at 461.  In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale."  *Castagna v. Sec'y of Health & Human Servs.*, 2011 WL 4348135, *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

I find Petitioner's arguments regarding how K.L.'s identity in this case could negatively impact her future employment opportunities, social opportunities, and educational opportunities to be reasonable. K.L. was a minor when the petition was filed on her behalf and she "did not have a meaningful opportunity to consent to her personal and sensitive medical information being available to the public[,]" (ECF No. 40 at 1), which I believe constitutes an unwarranted invasion of privacy under the Act. Considering the public's interest in disclosure, Petitioner is only requesting the redaction of K.L.'s full name to initials, which will not prohibit public awareness of the vaccines and medical conditions that vaccines may or may not cause. The use of K.L.'s initials also has no bearing on any subsequent decisions which may issue in this case. I therefore **GRANT** Petitioner's requests to (1) modify the case caption using K.L.'s initials rather than her full name and (2) redact K.L.'s full name in any future decisions I may render in this case.[3]

**The Clerk of Court is directed to change the caption to:**

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
K.L.,                                                    *
                                                         *
                        Petitioner,                      *
        v.                                               *
                                                         *
SECRETARY OF HEALTH                                      *
AND HUMAN SERVICES,                                      *
                                                         *
                        Respondent.                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**IT IS SO ORDERED.**

                                                    **s/ Katherine E. Oler**
                                                    Katherine E. Oler
                                                    Special Master

---

[3] This ruling is limited to the redaction of K.L.'s full name to initials and not the redaction of medical information.