# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-645V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

K.L.,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: April 9, 2020

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine Act.

## **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On May 31, 2016, Jennifer Jefko ("Ms. Jefko"), mother of K.L. ("Petitioner")[2], filed a petition for compensation under the National Vaccine Injury Compensation Program,[3] alleging that K.L. suffered from fibromyalgia and tachycardia, and causation of, or significant aggravation of dysautonomia as a result of the HPV and Hepatitis A vaccines K.L. received on August 12, 2013. Pet. at 1. A statement of completion was filed on August 10, 2016 and September 13, 2016. ECF Nos. 12, 17.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] A Motion for Redaction was filed by Ms. Jefko on June 27, 2018. Pet'r's Mot., ECF No. 43. Petitioner became of age on October 24, 2017 and requested to that her name be redacted to initials because it might negatively impact how employers might view her illness and ability to work. *See id.* On July 18, 2018, I granted Petitioner's motion. ECF No. 45.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On October 28, 2016, Respondent filed a Rule 4(c) Report stating compensation was not appropriate and this case should be dismissed. Resp't's Rep. at 1, 8, ECF No. 19. On October 9, 2017, Petitioner submitted an expert report from Dr. Marcel Kinsbourne. Ex. 23. Respondent submitted an expert report from Dr. Gregory Holmes on January 19, 2018. Ex. A.

On August 8, 2019, I directed Petitioner to file a responsive expert report. *See* non-PDF Scheduling Order on 8/8/2019. On March 4, 2020, Petitioner filed a status report stating she is unable to file a responsive expert report and requested a status conference. ECF No. 55. On March 9, 2020, I held a status conference with the parties. Counsel for Petitioner stated that Petitioner believed that there was reasonable basis to pursue this claim, however, this Court has not found a link between the HPV vaccine and fibromyalgia, tachycardia, and/or dysautonomia. *See* Scheduling Order on 3/9/2020, ECF No. 56. As such, Petitioner would like to dismiss her case and preserve the option of pursuing a civil claim. *Id.* I gave Petitioner 30 days to file a Motion to Dismiss Her Petition. *Id.*

On April 8, 2020, Petitioner filed a Motion for a Decision Dismissing Her Petition. ECF No. 57. In the motion, Petitioner states that

> because of the complex presentation of her illness and paucity of medical literature examining the causal connection between vaccines and dysautonomia and POTS, the expert retained in [this] case has been unable to provide a medical opinion to establish the vaccine was more likely than not the cause of [Petitioner's] condition. . . . Petitioner believes she will be unable to prove that she is entitled to compensation in the Vaccine Program.

*Id.* at 1.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
