# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 26, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| K.L., | * | |
| | * | |
| Petitioner, | * | No. 16-645V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for Petitioner.
*Mollie D. Gorney*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 31, 2016, Jennifer Jefko, mother of K.L. ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that K.L. suffered from fibromyalgia and tachycardia, and causation of, or significant aggravation of dysautonomia as a result of the HPV and Hepatitis A vaccines K.L. received on August 12, 2013. Pet. at 1. On April 9, 2020, the undersigned filed as her Decision dismissing petitioner's case for insufficient proof. ECF No. 58.

On October 6, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 62 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

$50,821.72, representing $34,472.70 in attorneys' fees and $16,349.02 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, counsel for Petitioner represents that petitioner has not incurred any personal costs related to this litigation. Fees App. at 1. Respondent responded to the motion on October 9, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 63. Petitioner did not file a reply.

This matter is now ripe for consideration.

### I. Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned does not doubt that the claim was brought in a good faith belief that K.L.'s injuries were caused by her vaccinations, and the matter had a reasonable basis to proceed for as long as it did. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### a. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for her attorneys: for Mr. Edward M. Kraus, $361 for time billed in 2014; $389 for time billed in 2016; $398 for time billed in 2017; $409 for time billed in time 2018; $418 for time billed in 2019 and $435 for time billed in 2020; and for Ms. Amy Kraus, $289 for time billed in 2014, $300 for time billed in 2015, $311 for time billed in 2016, $318 for time billed in 2017, $327 for time billed in 2018, $334 for time billed in 2019, and $365 for time billed in 2020. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Accordingly, Petitioner is awarded final attorneys' fees of $34,472.70.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $16,349.02 in attorneys' costs. Fees App. at 14. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and costs associated with work performed by Petitioner's medical expert, Dr. Marcel Kinsbourne. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $16,349.02.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $34,472.70 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$34,472.70** |
| | |
| Attorneys' Costs Requested | $16,349.02 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$16,349.02** |
| | |
| **Total Amount Awarded** | **$50,821.72** |

**Accordingly, the undersigned awards a lump sum in the amount of $50,821.72, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Edward M. Kraus.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).